# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HARVEY CATHCART, IV, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-03214-S (BT) |
| | § | |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| Respondent. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Harvey Cathcart, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should deny the petition.

I.

Petitioner challenges his 2015 conviction for continuous sexual abuse of a young child. *State of Texas v. Harvey Cathcart*, No. F-1476880-K (Crim. Dist. Ct. No. 4, Dallas County, Sept. 16, 2015). He was sentenced to life in prison. The Fifth District Court of Appeals affirmed his conviction and sentence. *Cathcart v. State*, No. 05-15-01176-CR, 2017 WL 34588 (Tex. App. – Dallas 2017, pet. ref'd). And, the Court of Criminal Appeals refused his petition for discretionary review. Petitioner filed a state habeas petition, *Ex parte Cathcart*, No. 88,526-01, which the Court of Criminal Appeals denied without written order. Petitioner then filed this § 2254 petition, in which he argues:

1

1. The trial court erred when it denied his motions to appoint new counsel;

2. He received ineffective assistance of trial counsel when:
   a. counsel failed to quash the indictment;
   b. counsel failed to investigate an ex post facto challenge and request a hearing;
   c. counsel failed to present exculpatory evidence;
   d. counsel failed to properly question the venire panel;
   e. counsel failed to request a hearing on the outcry statement;

3. He received ineffective assistance of appellate counsel when:
   a. counsel failed to raise ineffective assistance of trial counsel claims; and
   b. counsel failed to argue that the trial court erred when it denied his motions for appointment of new counsel.

## II.

The following background facts are taken from the appellate court's decision:

> Appellant was indicted for continuous sexual abuse of a young child. Complainant, appellant's biological daughter, was born in 1999 to appellant and her mother, YT. YT had a second daughter, TT, in 2001 with a different father. Appellant left in 2002 and returned in 2010 and began to live with YT and the two girls.
>
> At trial, complainant testified that appellant began to sexually abuse her in 2010 and it continued through 2011. TT testified that appellant also abused her. YT testified about the graphic sexual letters appellant wrote to complainant which triggered the investigation in this case.
>
> The jury found appellant guilty of continuous sexual abuse of a young child. Appellant testified during the punishment phase of the trial and did not contest his abuse of his daughter and TT. Appellant also admitted to

> his prior convictions which included evading arrest, unauthorized use of a motor vehicle, felony drug offenses, and assault of prior girlfriends and his sister. The jury sentenced appellant to life imprisonment.

*Cathcart*, 2017 WL 34588 at *1.

### III.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254. The pertinent terms of the AEDPA provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

3

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

IV.

Petitioner makes several arguments that his trial and appellate attorneys rendered ineffective assistance. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, Petitioner must prove prejudice. To do so, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

4

A. Quash Indictment

Petitioner first argues that his trial counsel should have filed a motion to quash the indictment. He claims the five-year span between the December 1, 2010 offense date alleged in the indictment and the 2015 trial failed to provide adequate notice of the offense.

Under Texas law, the indictment must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *State v. Moff,* 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). "An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence v. State,* 240 S.W.3d 912, 916 (Tex. Crim. App. 2007).

Here, the indictment charged Petitioner as follows:

> That **HARVEY CATHCART IV***,* hereinafter called Defendant, **on or about 1st day of December, 2010** in the County of Dallas, State of Texas, did then and there intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against [the complainant], a child younger than 14 years of age, hereinafter called complainant, namely by: the contact and penetration of the complainant's female sexual organ by the Defendant's sexual organ, and by the penetration of the complainant's female sexual organ by the Defendant's finger, and by the contact between the hand of the Defendant and the genitals of the complainant with the intent to arouse and gratify the sexual desire of the Defendant.

(ECF No. 13-18 at 5.) Under the Texas Penal Code, a person commits the offense of continuous sexual abuse of a child if (1) the person commits two or more acts of

5

sexual abuse during a period of 30 days or more; and (2) the actor is 17 years of age or older and the victim is younger than 14 years of age at the time of the sexual abuse. Tex. Penal Code Ann. § 21.02(b) (West 2010). The language of the indictment thus tracked the language of the statute. Further, "it is not necessary for the State to allege the exact dates on which the predicate acts of sexual abuse occurred, as those dates are not essential to the State's case and are considered to be evidentiary facts only." *Bleil v. State*, 496 S.W.3d 194, 204 (Tex. App. – Ft. Worth, 2016). Petitioner has failed to show his counsel was ineffective for failing to file a motion to quash. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make meritless motions).

## B. Ex Post Facto

Petitioner next argues that his trial counsel should have objected that extraneous offense and bad-acts testimony admitted under Texas Code of Criminal Procedure § 38.37 violated the Ex Post Facto Clause. He states extraneous offense evidence was admitted under § 38.37 to show that he acted in conformity with his character. However, at the time of the offense in 2010, § 38.37 did not include the provision that extraneous offense evidence could be admitted to show conformity with a defendant's character. Section 38.37 was amended in 2013 to include this provision.

To establish an Ex Post Facto Clause violation, a petitioner must show that a law "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."

6

*Weaver v. Graham*, 450 U.S. 24, 28 (1981) (citation omitted). Two elements are required "for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* at 29. "The provision that '[n]o ... *ex post facto* Law shall be passed,' U.S. Const. art. I, § 9, cl. 3, includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *United States v. Shakbazyan*, 841 F.3d 286, 289-90 (5th Cir. 2016) (quoting *Peugh v. United States*, 569 U.S. 530, 531 (2013)).

Petitioner raised this claim on direct appeal, and the court, citing *Baez v. State*, 486 S.W.3d 592, 600 (Tex. App. – San Antonio 2015, pet. ref'd), and *Robisheaux v. State*, 483 S.W.3d 205, 214-15 (Tex. App. – Austin 2016, pet. ref'd), found no ex post facto violation. *Cathcart*, 2017 WL 34588 at *4. The court in *Baez* explained:

> Article 38.37, section 2(b) allows testimony regarding other extraneous offenses to show character conformity. The statute neither changes the State's burden of proof to support a conviction for sexual assault of a child nor lessens the amount of evidence required to sustain a conviction. Indeed, the quantum of evidence remains the same both before and after the enactment of article 38.37. No element is eliminated from the offense to be proved; neither is the amount or measure of proof necessary for conviction reduced, altered, or lessened.

*Baez*, 483 S.W.3d at 600 (internal citations and quotations omitted); *see also Robisheaux v. State*, 483 S.W.3d 205, 214–15 (Tex. App.–Austin 2016, pet. ref'd)

7

(same). In view of this precedent, Petitioner has failed to show that an ex post facto objection would have been sustained. He also has failed to establish that the state court's denial of this ineffective assistance of counsel claim was unreasonable.

Additionally, Petitioner argues his counsel failed to object that the State provided insufficient notice of the extraneous offense evidence, and the court failed to hold a hearing before admitting this evidence.[1] As a result of this failure, he argues, the court admitted extraneous evidence that Petitioner sexually assaulted the victim's younger sister, that he physically abused the victim, and that he threatened to harm the victim's mother if the victim told anyone about the abuse.

The record shows that on August 14, 2015, the State provided Petitioner notice of its intent to use extraneous offense evidence. (ECF No. 13-2 at 70.) This notice was provided 30 days prior to the September 15, 2015, trial as required by § 38.37. Petitioner has therefore failed to establish his counsel was ineffective for failing to object to sufficient notice.

Further, although counsel did not object to the court's decision to admit this evidence without a hearing, Petitioner has failed to establish he was prejudiced by counsel's performance. The record shows the prosecutor offered to have a hearing on this evidence prior to trial. (ECF No. 13-6 at 93.) The court, however, stated the evidence was admissible and did not hold a hearing. (*Id.* at 95.) Petitioner has

---

[1] Under § 38.37, the court must hold a hearing to determine whether the extraneous evidence "likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *See* Tex. Code of Crim. Proc. § 38.37 Sec 2-a.

8

submitted no evidence that but for his counsel's failure to object to the trial court's decision, there is a reasonable probability the court would have held a hearing, excluded the evidence, and the result of his trial would have been different.

Petitioner also argues that his counsel should have requested a limiting instruction on the extraneous offense evidence. Although counsel did not request a limiting instruction on this evidence at the time it was introduced, the record shows that counsel filed a motion in limine to exclude extraneous offense evidence, (ECF No. 13-2 at 99), and that the jury charge included a limiting instruction. The charge stated:

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses, if any, other than the offense described in this paragraph, if any, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed. Then you may consider the same for any bearing it has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

(ECF No. 13-2 at 113.) Petitioner has failed to establish that the State court's denial of this claim was unreasonable.

### C. Exculpatory Evidence

Petitioner further argues his trial counsel failed to present exculpatory medical records showing he did not have the sexually transmitted disease ("STD") Trichomoniasis. At trial, the State presented evidence that the victim had Trichomoniasis, and that she told medical personnel she had only been sexually

9

active with Petitioner. (ECF Nos. 13-8 at 18; 13-9 at 78.) Petitioner claims his medical records would show he did not have this STD and therefore he did not commit the offense.

Respondent argues this claim is conclusory because Petitioner submitted no evidence that he did not have Trichomoniasis. Petitioner responds that he asked his trial counsel to obtain these medical records, and he sought discovery of these records on state habeas review, but he could not obtain the records.

The Court finds that even if Petitioner's medical records showed he did not have Trichomoniasis, he has failed to establish ineffective assistance of counsel. Evidence at trial showed that while he was in prison, Petitioner wrote numerous letters to the victim referring to their sexual relationship and stating that he wanted to continue their sexual relationship. (ECF No. 13-7 at 43-52.) The victim also testified about the sexual relationship, and the victim's younger sister testified that Petitioner also had a sexual relationship with her. (*Id.* at 59-82; 93-103.) Petitioner has not shown that but for the failure to introduce his medical records, there is a reasonable probability that the result of the trial would have been different. He has therefore failed to establish the State court's denial of this claim was unreasonable.

### D. Jury Panel

Petitioner claims his trial counsel failed to properly question the venire panel to uncover possible bias. He states his counsel failed to ask (1) whether anyone on the panel had a relationship with law enforcement; (2) whether anyone on the panel would give more weight to the testimony of law enforcement officers;

10

and (3) whether anyone on the panel would not be able to consider the minimum punishment range.

Petitioner has failed to establish his counsel's trial strategy was ineffective. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995) (stating an "attorney's actions during voir dire are considered to be a matter of trial strategy"). The record shows counsel asked the panel if they or someone they knew had ever been the victim of crime similar to the crime charged and, if so, whether they could be fair and impartial in the case. (ECF No. 13-6 at 68.) Several potential jurors responded that a family member or someone they knew had been the victim of a similar crime, and that they would be biased against the defendant. (*Id.* at 68-74.) Counsel asked whether the panel members understood and could follow the law by presuming that Petitioner was innocent, and whether they would require the State to prove its case beyond a reasonable doubt. (*Id.* at 62-65.) Counsel also explored the panel's thoughts about punishment by asking venire members whether they believed a sentence should be used for punishment, rehabilitation, or deterrence. (*Id.* at 76-82.) Further, Petitioner has presented no evidence to show that any juror was biased against him or could not consider the full punishment range. Petitioner has failed to show that the state court's denial of this claim was unreasonable.

### E.  Outcry Statement

Petitioner argues his trial counsel failed to request a hearing on the victim's outcry statement. Under certain circumstances, Texas law allows a party to admit an outcry statement made by a child victim of a sexual offense. *See* Tex. Code of

11

Crim. Proc. § 38.072. Under § 38.072, the party intending to offer the outcry statement must provide notice at least 14 days prior to trial that it intends to admit the outcry statement and must provide the name of the outcry witness and a written summary of the statement. *Id.* at Sec. 2(b)(1). Admission of the statement also requires that the court conduct a hearing outside the presence of the jury to determine whether the statement is reliable based on the time, content, and circumstances of the statement. *Id.* at Sec. 2(b)(2).

Here, the State did not offer an outcry statement. It appears that State witness Kendra Douglas may have qualified as an outcry witness, but the State instructed Douglas not to tell the jury what the victim said to her. (ECF No. 13-7 at 115.) On cross-examination, the defense, elicited testimony from Douglas as follows:

| Defense Counsel: | When you asked her had she been violated, did she then just come out and tell it all, or did you guys have to bring her along? |
|---|---|
| Douglas: | She never -- she said, yes, that she had been violated, but she did not go into details. |

(*Id.* at 123.) This limited testimony elicited by the defense was not submitted as an outcry statement. Petitioner has failed to show his counsel was ineffective for not objecting to the lack of a hearing.

12

### F. Appellate Counsel

Petitioner further argues appellate counsel was ineffective when counsel failed to raise his ineffective assistance of trial counsel claims on direct appeal, and when counsel failed to argue that the trial court erred when it denied his motions to appoint new counsel.

As discussed above, Petitioner's ineffective assistance of trial counsel claims are without merit, and as discussed in the next section, Petitioner's trial error claim also is without merit. Appellate counsel was not ineffective for failing to raise meritless claims. *Gibson*, 55 F.3d at 179 (5th Cir. 1995) (stating counsel is not required to make meritless motions). Further, the appellate court stated that trial counsel failed to preserve the objection to extraneous offense evidence. *Cathcart*, 2017 WL 34588 at *5. Therefore, this claim could not be raised on appeal.

Finally, Petitioner argues the cumulative effect of his counsels' performance rendered his counsel ineffective. Petitioner, however, has failed to establish any of his ineffective assistance of counsel claims, or show there was any cumulative error. This claim should be denied.

### G. Trial Error

Finally, Petitioner argues the trial court erred when it denied his motions for appointment of new counsel. Petitioner states there was a breakdown of communication with his counsel that resulted in a conflict and a failure to subject the State's case to adversarial testing.

13

On federal habeas review of state court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38 (1993). To be actionable, a trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht,* 507 U.S. at 637 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776 (1946)). Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice. *See Brecht,* 507 U.S. at 637. "[A] state defendant has no constitutional right to an errorless trial." *Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984).

Petitioner has failed to establish court error. As discussed above, Petitioner's ineffective assistance of counsel claims are without merit. Additionally, the trial court addressed Petitioner's motions to dismiss counsel during a pre-trial hearing. During the hearing. Petitioner stated he wanted a different attorney because his attorney failed to file motions and failed to raise his *pro se* motions. Defense counsel responded that he filed all appropriate motions, and that he did not receive a copy of Petitioner's *pro se* motions. (ECF No. 13-5 at 5.) The court then reviewed each of Petitioner's *pro se* motions and ruled on each motion. (*Id.* at 6-8.)

Petitioner also complained that counsel failed to communicate or review evidence with him, that counsel told him his punishment range was twenty-five years to life, and that counsel told him the prosecutor offered a plea bargain of 40 years. (*Id.* at 10.) The court informed Petitioner that his counsel correctly informed him of the punishment range and the prosecutor's plea offer. (*Id.* at 11.) The court

14

then explained how the trial would be conducted and informed Petitioner that the letters he wrote to the victim discussing their sexual contact would be admitted during trial. (*Id.* at 10-12.) The court also instructed defense counsel to review the police report and Petitioner's criminal history with him. (*Id.* at 13.) Petitioner has failed to show that the State court's denial of his trial error claim was unreasonable.

V.

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally-protected interest. Accordingly, the state courts' decisions to deny relief is not contrary to, or does not involve an unreasonable application of, clearly-established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The petition for writ of habeas corpus under 28 U.S.C. § 2254 should therefore be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed May 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND** <u>**NOTICE OF RIGHT TO OBJECT**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (extending the time to file objections to 14 days).